J. L. RICE, Administrator, *v.* T. M. STEGER, Guardian, and others.

## April Term, 1877.

WILL — ACCEPTANCE OF BENEFIT — BURDEN. — In 1855, the testator con-veyed to his brother, in fee, his undivided interest in certain realty, as heir of his sister Penelope. In 1857, the brother died, leaving one son his only heir, and devising all his property, specially mentioning this interest, to his wife absolutely. In 1861, the testator made his will, devising the residuum of his estate to the heirs of his sisters and of his brother, but charging his brother, " or his heirs," with $1,000, without interest, " being the balance in the settlement of my portion of my sister Penelope's estate." *Held*, that the son of the brother must take his share of the residuum, subject, to the charge of $1,000 in favor of the other devisees.

WILL — CHARGE ON SHARE — MODE OF MAKING. — A charge upon a legacy or devise should, like an advancement, be added to the *corpus* of the fund for division, and deducted from the share of the legatee charged in the fund thus created; and if, for any reason, the division has been postponed beyond the proper period, and in the meantime the *corpus* has produced interest or profits, such interest or profits should be divided between the legatees, in the proportion of their respective shares in the original *corpus*.

*Rice & Wade*, for complainant.
*T. M. Steger*, for defendants.
*T. L. Dodd*, for R. M. Porter.

THE CHANCELLOR : — On February 24, 1855, Alexander M. Porter sold and conveyed, by deed duly proved and registered, to his brother Robert M. Porter, in fee, all his interest, being an undivided fifth, as one of the heirs of

Penelope Woods, formerly Porter, in a house and lot in Nashville. The deed is altogether silent as to the consideration for the conveyance. In the year 1857, Robert M. Porter died, having by his will devised all his property, specially mentioning his interest in the house and lot thus conveyed, to his wife, the defendant Felicia G. Porter, absolutely. He left the defendant Robert M. Porter him surviving, his only child and heir. Alexander M. Porter died in the year 1866, having previously, on November 30, 1861, made a last will and testament, by which he provided thus: " My lawful inheritors are my sister Jane Campbell's heirs,. my sister Matilda Green's heirs, and my brother Robert's." This language has been construed by the Supreme Court to give the testator's estate to the children of his two sisters and his brother, share and share alike, *per capita.* The will also contains this clause: " I charge my brother Robert or his heirs with $1,000, without interest, being the balance in the settlement of my portion of my sister Penelope's estate after deducting the amount of a note that was between him and myself, which is cancelled." James L. Rice, the complainant, was appointed and qualified as administrator, with the will annexed, of Alexander M. Porter. Shortly after his appointment, learning from the clerk and master of this court that there were funds in his hands,. the proceeds of the sale of the house and lot first above mentioned, part of which appeared to belong to his testator, he filed his bill and reduced the same to his possession as administrator. Afterwards, the deed of conveyance from his testator to Robert M. Porter was discovered, and the defendant Felicia G. Porter claimed the fund under the will of the said Robert M. Porter. At that time, however, the defendant Robert, the son of the said Robert M. and Felicia G., was contesting the validity of the will of the said Alexander M. Porter on the ground of his incapacity to make it, and there seemed to have been some fear lest, the incapacity, if established, might also affect the validity

of the deed from Alexander M. to Robert M. Porter. Under these circumstances, no active steps were taken to settle rights until this bill was filed, on September 29, 1875. The questions are now submitted to me upon bill, answers, cross-bills and answers, and the foregoing facts, with the additional fact that the defendant Robert M. Porter, now of age, has recognized the validity of the will of Alexander M. Porter.

The conveyance of Alexander M. Porter to his brother Robert of all of his interest in the house and lot, as long ago as 1855, vested the latter with an absolute right to the realty, and, of course, to the proceeds of its sale, which passed to the defendant Felicia G. Porter under his will. This conclusion is, upon the facts as they appear, irresistible. It does not appear, however, when, by whom, or under what circumstances the litigation commenced in this court which resulted in placing in the hands of the clerk and master the proceeds of the sale of the house and lot in question. The bill goes upon the idea, no doubt justified by the facts, that there is nothing in these proceedings to show a rescission of the contract evidenced by the deed of February 24, 1855, or any new contract between the brothers, during the life of Robert M. Porter, which reinvested the testator with an interest in the property. If the testator had, at his death, no interest in the house and lot, or the proceeds of its sale, it is clear the complainant, as his administrator, can have none. In that view, the latter holds the funds for the defendant Felicia G. Porter. Her title, being under the deed to and the will of her husband, dates back to a period long before the death of Alexander M. Porter, and is free from any claim on the part of his administrator. If the $1,000 mentioned in the will of Alexander M. Porter were any part of the consideration for the conveyance of the lot, the language of the will rather implies a waiver of any lien therefor. The testator does not treat the money as a debt due to him, but as a charge

with which, by reason of the transaction, he chose to burden the share of the heir of his brother in the division of his estate, as between him and the other devisees. And if it were a debt, it is barred by the statute of limitations in favor of the personal representative of Robert M. Porter; and the lien on the land is not now in question, and has probably been lost by the sale in this court and lapse of time.

The testator's intention, as disclosed by his will, is that the heir of his brother Robert shall not receive any portion of his estate without first accounting to the estate for $1,000 without interest. It is a matter of no consequence, so far as the effectuating of this intention is concerned, whether the testator had a right to make the charge or not. It is enough that he has made it. A court of equity will not allow a person to receive a benefit under a will, unless he allows the whole of the will to be effectual. "Whether the testator thought he had the right, or, knowing the extent of his right, intended by an arbitrary exertion of power to exceed it, no person taking under the will shall disappoint it." *Per* Sir Richard Pepper Arden, Master of the Rolls, in *Whistler* v. *Webster*, 2 Ves. jr. 371. See also *Streatfield* v. *Streatfield*, Cas. *temp.* Talb. 176; *Ranclyffe* v. *Parkyns*, 6 Dow, 149; *Blake* v. *Bunbury*, 4 Bro. C. C. 24; *Dillon* v. *Parker*, 1 Swanst. 359; *Gretton* v. *Haward*, 1 Swanst. 409; *Cooper* v. *Cooper*, L. R. 7 H. L. 58; *Norfleet* v. *Slade*, 6 Jones Eq. 217. It is clear, therefore, that the defendant Robert M. Porter, who has, by receiving dividends of the estate heretofore made, elected to take under the will, must account to the estate for the amount of the charge in question.

The proper mode in which this should be done is to treat the charge as an advancement is treated, — that is, by adding it to the *corpus* of the estate to be distributed, and deducting it from the share of Robert M. Porter in the fund thus created. If, for any reason, the distribution be postponed

beyond the time when it ought to be made, and in the meantime the *corpus* of the estate produces interest or profits, the devisees would be entitled to share these accrued profits. in the proportion of their respective shares of the original *corpus*. *Burton* v. *Dickinson*, 3 Yerg. 112; *McNairy* v. *McNairy* (MS.), Supreme Court, December term, 1874, cited in the note at the end of the case, in 3 Yerg., 2d ed. The effect of this rule will be to diminish the share of Robert M. Porter in the accretion, by reason of the fact that his share of the *corpus* which produced the profit was less by $1,000 than that of either of his co-devisees. If he has drawn out more than he is justly entitled to, he is. properly chargeable with the excess, and ought to refund. The defence of the statute of limitations against such charge is not sustained by any thing in this record.

Under the circumstances, the costs of this case will be paid out of the fund derived from the sale of the house and lot.